Caruthers, J.,
delivered the opinion of the court.
This is an appeal in error from the refusal of the court to grant a new trial after ’ a conviction for an assault. The question arises upon the charge of the Court. It was, so far as excepted to, in these words: “That the defendant would be guilty of an assault, if they found from the evidence, that he pointed a pistol purporting to be loaded, at the prosecutor, within the distance such pistol would carry, notwithstanding he did not. then and thereby intend to shoot, and so stated.” This is erroneous.
*608 An assault is an attempt or offer to do a personal violence to another. It is an inchoate violence, with the present means of carrying the intent into effect. 2 Greenleaf Ev., § 82. The intention to do harm is of ( the essence of the offence, and this intention is to be | ascertained by the jury from the circumstances. If, at J the time of menacing the prosecutor, and apparent offer- ' ing to harm him, defendent used words showing it was not his intention to do it at that time, it is no assault. Ib., § 83. The familiar example given in all the boohs treating of this subject, of one’s laying his hand on his sword, saying, “if it were not assize time, I would not tahe such language,” is an illustration of this rule.
Pointing a pistol at another, would perhaps be sufficient evidence of an intent to do harm, if nothing more appeared. But if it were shown that it was done playfully, or accompanied with a declaration that he did not intend to shoot, or any other words evincive of the absence of any criminal intent, then it would not be an assault. It would still be a question for the jury to determine, from all the facts, as to the intent. If the prosecutor had good reason, in view of all the circumstances, to apprehend danger, notwithstanding the declarations made at the time, the jury would be authorized to find the defendant guilty. Eor it might be well shown by the circumstances, that his disavowal of harmful intentions was insincere, or intended to put the other party off his guard.
As a matter of law, then, it is not true, that to point a pistol at another, is of itself an assault, as charged by his honor. It may, or may not be, according to the attending circumstances. These must be such *609 as to satisfy a jury that there was an intent, coupled Avith an ability to do harm, or that the other party had a right so to believe from the facts before him; otherwise, there -is no danger of a breach of the peace.
The judgment will be reversed, and a new trial granted.
Note. — The Attorney General being prevented, by sickness in his family, from attending the court at this Term, Johu M. Morrill, Esq., of Jackson, acted as Attorney General during the term.